[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 12379
This is a foreclosure action. On May 15, 1995, this court granted a motion to strike filed by the plaintiff, Gateway Bank (Gateway), attacking the special defense of breach of contract filed by the defendants, Stuart A. Herman and Barbara Herman (defendants). Gateway Bank v. Stuart A. Herman, Superior Court, Judicial District of Danbury, Docket No. 31 59 47 (May 15, 1995, Stodolink, J.).
Subsequent to the granting of the motion, the defendants, on May 30, 1995, filed a document entitled "Substitute Special Defense of the Defendants, Stuart A. Herman and Barbara Herman." The recitals contained in the so-called "Substitute Special Defense" are identical to those stricken on May 15, 1995, except the following allegations are added:
"6A. The sole reason for the Bank's refusal to advance additional funds beyond $26,581.53 was that the date of December 31, 1992 had passed."
"11. [W]hich appeal has been tried . . . ."
Compare Gateway Bank v. Stuart A. Herman, supra, 5 n. 1 (setting forth the defendants' entire special defense).
On June 14, 1995, Gateway filed a motion to strike the "Substitute Special Defense" on the ground that it does not set forth facts that establish Gateway has no cause of action. Gateway also grounds its motion on the law of the case doctrine, asserting that the "Substitute Special Defense fails to allege any facts addressing the making, validity or enforcement of the notes or mortgage pleaded in Gateway's Complaint" and urges that the "Substitute Special Defense" fails as a matter of law. Gateway filed a memorandum of law in support of its motion.
On June 23, 1995, the defendants filed a memorandum of law in opposition to Gateway's motion, basically incorporating the positions set forth in their opposition to Gateway's first motion to strike and arguing that the addition of the foregoing allegations establishes a valid special defense to a foreclosure action.
"The purpose of a motion to strike is to `contest . . . the CT Page 12380 legal sufficiency of the allegations of any . . . [pleading] . . . to state a claim upon which relief can be granted.'" Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992).
"Practice Book § 164 provides: No facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." GatewayBank v. Stuart A. Herman, supra, 7.
"`Connecticut has recognized the following defenses to an action for foreclosure: payment, discharge, release or satisfaction, accident, mistake or fraud, unconscionability, abandonment of security and usury.'" (Citations omitted.) Id. "An action of foreclosure is peculiarly equitable and the court may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties."Hartford Federal Savings Loan Assn. v. Tucker, 196 Conn. 172,175, 491 A.2d 1084, cert. denied, 474 U.S. 920, 106 S.Ct. 250,88 L.Ed.2d 258 (1985). "A breach of contract claim is neither a recognized defense to a foreclosure action nor a defense in equity." Fleet Bank v. Winthrop, Superior Court, Judicial District of Middlesex at Middletown, Docket No. 06 50 08 (November 25, 1992, Lewis, J.).
The defendants' inclusion of paragraph 6A and the alteration of paragraph 11 in the "Substitute Special Defense" fails to transform the special defense into a recognized defense to a foreclosure action. The allegations viewed in the light most favorable to the defendants still allege "nonperformance or breach, where a separate action may lie, with respect to an agreement that is separate from the note and mortgage referred to in the plaintiff's complaint." Gateway Bank v. Stuart A. Herman,
supra, 8. Therefore, the defendants' allegations do not recite "[f]acts which are consistent with [Gateway's allegations] . . . but show, notwithstanding, that [Gateway] . . . has no cause of action." Practice Book § 164. CT Page 12381
Accordingly, the court grants Gateway's motion to strike the defendants' "Substitute Special Defense."
Stodolink, J.